## CAMPBELL CO. v. COMMERCIAL SHIRT CORPORATION.

### No. 180 Civ.

District Court, D. Connecticut.

July 2, 1940.

James T. Kline and George F. Smyth, both of Bridgeport, Conn. (Cooper, Kerr & Dunham and Thomas J. Byrne, all of New York City, of counsel), for plaintiff.

George H. Cohen, of Hartford, Conn. (Gluck & Breitenfeld, Darby & Darby and Samuel E. Darby, Jr., all of New York City, of counsel), for defendant.

HINCKS, District Judge.

1. This is the usual suit of patent infringement involving an alleged infringement of U. S. Patent 2,033,681 issued to R. C. Campbell on March 10, 1936, upon an application filed September 25, 1935. The patent has but one claim, and the only issues involved are the infringement and validity of that claim.

2. The alleged invention of the patent relates to a collar of the type generally associated with the male species of the so-called semi-soft or fused one-piece type. The specifications disclose a construction in which a single piece of fabric is used for the outer ply of both neck band and cape; and a corresponding piece of fabric in a single piece is used for the other ply. Between these two plies is the interliner which is shown in two pieces. The cape interliner conforms roughly to the shape of the cape, its lower edge is a concave arch, and it is specified to embody fusible material. Similarly, the neck band interliner follows roughly the shape of the neck band; its upper edge is in a slightly convex arch and it also embodies fusible material. The specifications contemplate that these two pieces shall be stitched to each other, and when the interlining and two outer plies have been stitched together and turned through the application of pressure and heat, the two pieces of interliner are fused to each other on the one side, and each is fused to the adjacent outer ply on the other side. The overlapping junction between the two pieces of interliner is disposed so that the top of the overlap is slightly above the point of angle between the line forming the end of the collar and the conventional tab on the neck band. This disposition is intended and, indeed, effective to put the line of fold between the cape and the neck band at a point slightly above the point of angle just referred to. The construction is such that at the line of fold there are, all told, either four or five layers of fabric according to the method of construction.

3. The defendant's product charged with infringement resembles the plaintiff's in that it too uses two plies of fabric, each ply covering both a neck band and cape portions. The defendant's cape interliner, like Campbell's, embodies fusible material; like Campbell, its lower edge is in a convex arch. But unlike Campbell, the defendant's neck band interliner is of non-fusible material; its upper edge, though arched like Campbell, is beaded on both sides with a supplemental band of canvas or other fabric, and its construction is such that the top of this bead ends substantially at the point of angle between the line forming the end of the cape and the conventional tab of the neck piece. The junction between the two pieces of the defendant's interliner constitutes a band approximately ⅝″ in width lying below the top of the bead just referred to. Its construction is such that, when the pieces are assembled and subjected to the fusion process, the fusible interliner of the cape becomes fused on the one side with the outer ply which, when in position on the wearer, is next to the neck and on the other side with the beaded interliner

184

of the neck piece. In the defendant's structure, unlike Campbell's disclosure, the two pieces of interliner are not stitched together.

4. The prior art principally relied on is Cluett 261,433, Gallup 311,184, Bevington 939,204, Keller 1,515,392, and Williams 1,-671,563.

5. The Cluett reference is pertinent in that it shows, what I think is not disputed, that it was well-known in the art that cape and neck piece must be slightly arched convexly and concavely respectively, in order to accomplish a proper fit for a collar, whatsoever the construction.

6. Williams, like Campbell, discloses the so-called one-piece collar with a single piece of fabric for the outer ply of both cape and neck piece. Williams discloses an interliner for the neck piece which cannot be distinguished from Campbell except that Williams, of course, long precedes the era of fusible material in collars. And in Williams the non-fusible interliner of the cape extends in a single piece down to the bottom of the neck piece, the result being that in the Williams neck piece there are two layers of interliner as against one in Campbell. And, of course, in Williams, the interliner being non-fusible, the junction between the interliner of cape and neck piece consists of a stitched seam. There is nothing in Williams to disclose that the top of this junction is elsewhere than at the point of angle between the end of the collar and the tab. The interliner of Williams discloses a beaded binder on the top of the interliner of the neck piece; in this respect Williams differs from Campbell and is followed by the defendant.

7. Keller discloses a construction in which the top of the neck piece is definitely located slightly above the point of angle between the line forming the end of the cape and the tab; this distance is specified to be ⅛". Bevington discloses a construction in which the fold line is definitely located slightly above the point of the angle between the line forming the end of the cape and the tab by means of two tapes sewed to the interlining.

8. Of the foregoing references Gallup and Keller were cited by the Patent Office as disclosed by the file wrapper.

9. There are outstanding, under the patent in suit, fifteen licenses under which a substantial amount of product has been made and sold within the last four years.

10. There are in evidence many commercial specimens of the defendant's product charged with infringement; also of the product produced by plaintiff's licensees, which I find to be made in conformity with the disclosure of the patent in suit. Many of these exhibits of the defendant's product appear to show the line of fold slightly above the point of angle described in the foregoing paragraphs, in this respect resembling plaintiff's commercial product. On examination, however, it appears that this appearance of defendant's product is due to the thickness of the material which in each case is a composite of numerous plies; in each case the top of the beaded band, which marks the point *where the fold begins,* is almost precisely at the point of said angle, but due to the thickness of material the crest of the fold is somewhat higher.

### Conclusions of Law.

11. The patent in suit is invalid for lack of patentable invention.

### Comment.

Of the numerous specifications which are carried over into the claim, not one is new in itself. The one-piece, folded collar, the fused collar, the curved fold-line, all were well known in the art. Certainly the button-hole tabs on the neck piece were entirely conventional. Against this background, I must hold that the precise combination of the patent in suit. involved only the exercise of skillful design. When Bevington, and Keller had disclosed an arrangement. in which the fold-line was slightly above the point of angle between cape and tab; and when Williams had disclosed an interliner in two pieces, one for the neck piece and one which extended for the entire width of cape and neck piece; and when. Cluett had disclosed a separate "guide-interlining" for the "body" or cape of the collar (as distinguished from an interliner which in a single piece extended for the whole width of cape and neck piece, as in Williams); it required no invention to work these various features into a single design, or to substitute fusible material for the interliner. And when Cluett had shown a fold-line guided by the beaded bottom of the cape interliner and Williams had disclosed a fold-line guided by the beaded top of the neck piece interliner, it involved no invention for Campbell to use as a guide for the fold-line the top of the overlap of cape and neck piece interliners.

And the position of the guide line and fold, as between cape and neck piece, was a matter of choice lying wholly in the field of design.

12. If valid, the patent is not infringed.

### Comment.

In the defendant's product, the interliner for the neck piece is not of fusible material.

The defendant's collar, unlike the disclosure of the patent, does not embody a fold which *begins* above the point of angle between cape and tab. In that the *crest* of defendant's fold is above the point of angle, the defendant merely follows the conventional prior art. Cf. Williams, supra.

In the defendant's product, the top of the overlap between cape interliner and neck piece interliner does not terminate at points above the angles formed between the ends of the cape and neck piece tabs, as specified in the claim of the patent.